NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianlee.com
GLENN R. COFFMAN, SBN 305669
glenn.coffman@salisianlee.com
**SALISIAN | LEE LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2627
Telephone:  (213) 622-9100
Facsimile:   (800) 622-9145

Attorneys for Plaintiff
BALBOA CAPITAL CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| BALBOA CAPITAL CORPORATION, a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>WALL STREET PHYSICIAN, PLLC, a New York professional service limited liability company; CATHY CARRON, an individual; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No.:<br><br>**PLAINTIFF BALBOA CAPITAL CORPORATION'S COMPLAINT FOR:**<br><br>**1. BREACH OF EQUIPMENT FINANCING AGREEMENT;**<br><br>**2. RECOVERY OF POSSESSION OF PERSONAL PROPERTY; AND**<br><br>**3. BREACH OF GUARANTY.** |

COMPLAINT

Plaintiff Balboa Capital Corporation, a California corporation ("Balboa" or "Plaintiff"), alleges as follows:

## PARTIES AND JURISDICTION

1. Balboa is a corporation formed under the laws of the State of California, with its principal place of business in the County of Orange in the State of California.

2. Defendant WALL STREET PHYSICIAL, PLLC ("Wall Street Physician") is, and at all times relevant to this action was, a New York professional service limited liability company with its principal place of business in the County of New York in the State of New York.

3. Defendant CATHY CARRON ("Carron"), an individual, is and at all times relevant to this action was, a resident of the County of New York in the State of New York.

4. Plaintiff is unaware of the true names, capacities, and relationships of the Doe defendants, as well as the extent to their participation in the conduct herein alleged, but are informed and believe and thereon allege that said Doe defendants are legally responsible for the wrongful conduct alleged herein and therefore sue these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the Doe defendants when ascertained or when such facts pertaining to their liability are ascertained, or as permitted by law or by the Court.

5. Plaintiff is informed and believes and thereon alleges that each Defendant, directly or indirectly, or through agents or other persons, was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have

known about the foregoing, and that each Defendant authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other Defendants.

6. The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California *Civil Code* Sections 1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California *Civil Code* Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

7. Pursuant to the Equipment Financing Agreement and Guaranty described herein below, defendant Wall Street Physician and defendant Carron agreed that the Equipment Financing Agreement would be governed by the laws of the State of California. In addition, the Equipment Financing Agreement provides, in pertinent part, as follows:

> **General.** This EFA shall be governed and construed under the laws of the State of California without reference to its principle of conflicts of laws and is deemed to have been made and performed in Orange County, CA. You submit to the jurisdiction of CA and agree that the CA state courts and/or the United States District Court for the Central District of California, Santa Ana Division, shall have exclusive jurisdiction over any action or proceeding to enforce this EFA or any action or proceeding arising out of this EFA. You waive any objection based on improper venue and/or forum non/conveniens.

8. <u>Jurisdiction</u>. This Court has jurisdiction over the case pursuant to 28 U.S.C. §1332(a).

9. <u>Venue</u>. This case is properly venued in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. §84(c)(3).

## FIRST CAUSE OF ACTION

### (Breach of Equipment Financing Agreement)

### (Against Wall Street Physician and Does 1-10)

10. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

11. On or about October 23, 2018, Balboa executed and delivered to Defendant Wall Street a certain written Equipment Financing Agreement No. 280924-000 (the "EFA"), under the terms of which Balboa loaned to Wall Street Physician the principal sum of one hundred and ninety-six thousand five hundred eighty-one dollars and nineteen cents ($196,581.19) in order to finance equipment for its business (the "Collateral"). The EFA required Wall Street Physician to make three (3) initial monthly payments of $99.00 and then sixty (60) monthly payments of $4,112.14, payable on the twenty-first day of each month, beginning November 21, 2018. A copy of the EFA is attached as **Exhibit A** and is incorporated here by reference.

12. The last payment received by Balboa was credited toward the monthly payment due for June 21, 2020. Therefore, on or about July 21, 2020, Defendant Wall Street Physician breached the EFA by failing to make the monthly payment due on that date and, therefore, the monthly payment for the period of July 21, 2020 through August 21, 2020 also became due. As of the date of the filing of Balboa's Complaint, there became due the sum of $8,224.28, comprised of the two missed monthly payments. Defendant Wall Street Physician's failure to make timely payments is a default under the terms of the EFA.

13. In accordance with the EFA, and as a proximate result of Wall Street Physician's default thereunder, Balboa declared the entire balance of the payments under the EFA to be immediately due and payable to Balboa. In addition, pursuant to the EFA, Balboa is entitled to recover all accelerated payments due under the EFA, discounted to their present value at the discount rate of three percent (3%). Therefore, the principal sum of no less than $160,455.14 remains due and owing. These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Wall Street Physician.

14. In addition, the terms of the EFA provide that Defendant Wall Street Physician is liable to Balboa for late charges on all payments not made in a timely

manner. As of the date of the filing of Balboa's Complaint, late charges in the sum of $2,220.57, are now due and owing.

15. Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of the EFA, except as excused or prevented by the conduct of Wall Street Physician.

16. As a proximate result of Wall Street Physician's breach of the EFA, Balboa has been damaged in the total sum of **$170,899.99**, plus interest at the rate of ten percent (10%) per annum from July 21, 2020 until the entry of judgment.

17. Further, under the terms of the EFA, Wall Street Physician promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION

**(Recovery of Possession of Personal Property)**

**(Against All Defendants)**

18. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

19. Following a default, the terms of the EFA provide that Balboa is entitled to obtain immediate possession of the Collateral for disposition under the terms of the EFA.

20. In connection with the EFA, Wall Street Physician and Cathy Carron (together, "Defendants") obtained possession and control of the Collateral and remain in possession of the Collateral.

21. Although Balboa has demanded that Defendants surrender possession of the Collateral, they continue to withhold possession of the Collateral in violation of Balboa's right to possession. This Complaint, in addition to previous demands, shall constitute further demand upon Defendants to surrender possession of the Collateral to Balboa.

22. Balboa is entitled to a judgment for possession of the Collateral and an order that Balboa may, in accordance with applicable state law, sell the remaining Collateral and apply the net proceeds from the sale to the remaining loan balance.

23. Alternatively, if possession cannot be had, Balboa is entitled to recover the value of the Collateral from Wall Street Physician and Carron.

## THIRD CAUSE OF ACTION

### (Breach of Guaranty)

### (Against Carron and Does 1-10)

24. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

25. Concurrent with the execution of the EFA, and in order to induce Balboa to enter into the EFA with Wall Street Physician, Carron guaranteed, in writing, the payment of the then existing and future indebtedness due and owing to Balboa under the terms of the EFA. A copy of the written Personal Guaranty (the "Guaranty") is attached as **Exhibit A** and incorporated herein by reference.

26. Following a default of Wall Street Physician under the terms of the EFA, Balboa demanded Carron make the payments required under the EFA. Carron failed to meet the guaranty obligations and make the payments required under the EFA.

27. Pursuant to the terms of the Guaranty, the sum of **$170,899.99**, plus interest at the rate of ten percent (10%) per annum from July 21, 2020, is due and payable to Balboa from Carron. This Complaint, in addition to previous demands, shall constitute further demand upon Carron to pay the entire indebtedness due and owing from Wall Street Physicians to Balboa under the terms of the EFA.

28. Under the terms of the Guaranty, Carron promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA and the Guaranty. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Carron.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Balboa Capital Corporation prays for judgment against Defendants, and each of them, as follows:

### On the First and Third Causes of Action:

1. The principal sum of $170,899.99;
2. Prejudgment interest at the rate of ten percent (10%) per annum from July 21, 2020 to the date of entry of judgment;
3. Late charges and non-sufficient charges in an amount to be proven at trial; and
4. Reasonable attorneys' fees and costs;

### On the Third Cause of Action

5. An order to recover possession of the Collateral which is the subject of the EFA, or, if the Collateral cannot be delivered, for its reasonable value according to proof;

### On All Causes of Action

6. Costs of suit as provided by law; and
7. Such other and further relief that the Court considers proper.

Dated:   January 4, 2022                    SALISIAN | LEE LLP

                                            By _____
                                               Neal S. Salisian
                                               Glenn R. Coffman

                                            Attorneys for Plaintiff
                                            BALBOA CAPITAL CORPORATION